Case 3:07-cv-00700-BD Document 119 Filed 01/29/10 Page 1 of 2 PageID 2000

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 29 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PROVIDENT FINANCIAL, INC., Assignee of SMI MARKETING, INC. | § § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 3-07-CV-0700-BD |
| STRATEGIC ENERGY, LLC | § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Plaintiff Provident Financial, Inc. ("Provident") has filed a motion for $151,189.98 in attorney's fees and expenses as the prevailing party in this breach of contract action governed by Pennsylvania law. In a separate motion, Intervenor SMI Marketing, Inc. ("SMI") seeks $199,334.25 in attorney's fees and expenses. Defendant counters that Pennsylvania law does not allow for the recovery of attorney's fees in a contract action. The issues have been fully briefed by the parties, and the motions are ripe for determination.

Under Pennsylvania law, "[a] litigant may not recover attorney's fees unless there is express statutory authorization, clear agreement of the parties, or another established exception." *White v. George*, 66 Pa. D. & C.4th 129, 157, 2004 WL 1739862 (Pa. Com. Pl. Apr. 23, 2004), *citing Shapiro v. Magaziner*, 418 Pa. 278, 280, 210 A.2d 890, 892 (1965). Recognizing that there is no Pennsylvania statute authorizing a prevailing party to recover attorney's fees in a breach of contract action and that the contract at issue does not provide for recovery of such fees, Provident and SMI argue that: (1) counsel for defendant admitted in a trial brief that the issue of attorney's fees is governed by Texas law; (2) defendant did not affirmatively plead that Pennsylvania law applies; and

(3) attorney's fees are recoverable under Pennsylvania law as a sanction for dilatory, obdurate, vexatious, or bad faith conduct. The court rejects each of these arguments. Although defendant stated in its motion for judgment on partial findings that the issue of attorney's fees is "governed by Section 38.001(8) of the Texas Civil Practice & Remedies Code," such an erroneous statement of law does not constitute a binding judicial admission. *See Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) ("A statement made by counsel during the course of trial may be considered a judicial admission if it was made intentionally as a waiver, releasing the opponent from proof of fact."). Nor is the court aware of any authority requiring a party to affirmatively plead that attorney's fees are not recoverable as a matter of law. Finally, there is no basis for awarding attorney's fees to Provident and SMI under 42 Pa.C.S.A. § 2503(b)(6), (7), or (9), the Pennsylvania statute that allows a litigant to recover reasonable counsel fees as part of taxable court costs as a sanction for dilatory, obdurate, vexatious, or bad faith conduct. Nothing in the record suggests that either defendant or its attorney acted improperly in connection with the defense of this lawsuit.

For these reasons, the motions for attorney's fees filed by Provident Financial, Inc. [Doc. #108] and SMI Marketing, Inc. [Doc. #110] are denied.

SO ORDERED.

DATED: January 29, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE