IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PROVIDENT FINANCIAL, INC., Assignee of SMI MARKETING, INC. | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-07-CV-0700-BD |
| STRATEGIC ENERGY, LLC | § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Defendant Strategic Energy, LLC has filed an objection to the taxation of costs or, alternatively, a motion to re-tax costs. At issue is whether Intervenor SMI Marketing, Inc. ("SMI") is entitled to recover a $1,500 mediation fee. That issue has been fully briefed by the parties and is ripe for determination.

In *Cook Children's Medical Center v. The New England PPO Plan of General Consolidated Management, Inc.*, 491 F.3d 266 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1223 (2008), the Fifth Circuit considered whether mediation expenses fall within the limited category of costs that may be taxed under 28 U.S.C. § 1920. After a thorough analysis of the statute and case law, the court determined that "mediation expenses do not reasonably fit within the statutory language" of section 1920. *Id.* at 276. Ten years before *Cook*, a judge in the Northern District of Texas reached a similar conclusion. *See Bickers v. U.S. Home Mortgage Co.*, No. 3-96-CV-0959-BC, 1997 WL 340947 at *2 (N.D. Tex. Jun. 18, 1997). In an attempt to circumvent the holdings in *Cook*, an ERISA case, and *Bickers*, a Title VII case, SMI argues that the cost issue in this diversity case is governed by Texas law, which allows for the taxation of mediation fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. §

154.054(b). Even if the taxation of costs in a diversity case is determined by state law, SMI ignores that Pennsylvania law, not Texas law, provides the rule of decision in this case. SMI acknowledges that the relevant Pennsylvania statute, 42 Pa. Civ. S. § 1726, is silent as to the taxation of mediation fees. Without explicit statutory authority allowing for the taxation of mediation fees as costs, this item must be disallowed.

Defendant also objects that SMI's bill of costs is untimely under Local Rule 54.1, which requires a party awarded costs by final judgment to file a bill of costs "no later than 14 days after the clerk enters the judgment on the docket." N.D.Tex. LCivR 54.1. Although SMI filed its cost bill two days late, the court exercises its discretion under the local rule to excuse this untimely filing. *See* N.D.Tex. LCivR 83.1 ("Notwithstanding the local civil rules, a presiding judge may direct the parties to proceed in any manner that the judge deems just and expeditious.").

For these reasons, defendant's objection to the taxation of costs or, alternatively, motion to re-tax costs [Doc. #128] is granted in part and denied in part. Defendant's objection to the $1,500 mediation fee is sustained. In all other respects, the motion is denied. The clerk shall tax $1,069.84 against defendant and in favor of SMI.

SO ORDERED.

DATED: April 1, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE